IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE RAY JONES, | No. 2:12-cv-1190-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| GIPSON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is petitioner's request for leave to proceed in forma pauperis (Docs. 2, 5), and petitioner's petition for a writ of habeas corpus (Doc. 1).

Petitioner has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that petitioner is unable to prepay fees and costs or give security therefor. His request will therefore be granted.

/ / /

/ / /

1       Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary
2  dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any
3  exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the
4  instant case, it is plain that petitioner is not entitled to federal habeas relief. This is petitioner's
5  second petition for a writ of habeas corpus filed in this court, challenging the same conviction.
6       Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive
7  habeas corpus application . . . that was presented in a prior application shall be dismissed."
8  Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . .
9  that was not presented in a prior application shall be dismissed . . ." unless one of two
10 circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law,
11 or the factual predicate of the new claim could not have been discovered earlier through the
12 exercise of due diligence and the new claim, if proven, establishes actual innocence. See id.
13 Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed,
14 the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the
15 absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to
16 consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d
17 1270 (9th Cir. 2001) (per curiam).
18       A second petition can only be successive of a prior petition which has been
19 decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). Where a prior
20 petition has been dismissed without prejudice for failure to exhaust state court remedies, the
21 dismissal does not result in an adjudication on the merits and a habeas petition filed in the district
22 court after the initial petition was dismissed is not second or successive. See Slack v. McDaniel,
23 529 U.S. 473, 485-86 (2000). Neither the United States Supreme Court nor the Ninth Circuit has
24 decided whether a dismissal on statute of limitations grounds constitutes an adjudication on the
25 merits. The Second Circuit has concluded that such a dismissal is a merits determination. See
26 Murray v. Greiner, 394 F.3d 78, 81 (2nd Cir. 2005). While not directly answering the question,

the United States Supreme Court cited the Murray decision favorably in Gonzalez v. Crosby, 545 U.S. 524, 533 n.6 (2005). Other courts have followed Murray. See Mullins v. Horel, 2008 WL 3244341 (E.D. Cal. 2008); Richards v. Horel, 2006 U.S. Dist. LEXIS 79443 (E.D. Cal. 2006). This court agrees with the Murray conclusion. In particular, a dismissal without prejudice for lack of exhaustion, which holds open the possibility of a future merits adjudication, is distinguishable from a timeliness dismissal, which is with prejudice to returning to federal court. Cf. Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990), and stating that the denial of a petition on procedural default grounds is a determination that the claims will not be considered by the federal court).

Here, petitioner is challenging a 2007 conviction from San Joaquin County. He filed a prior petition, challenging the same conviction, in 2009, case number 2:09cv1735-MCE-CHS. This petition was adjudicated on the merits. (See 09cv1735, Docs. 55, 58). Judgment was entered on November 15, 2011, and the case was closed. (See 09cv1735, Doc. 59). Petitioner then appealed this court's decision; the appeal is still pending in the Ninth Circuit Court of Appeals, USCA case number 11-17908. (See 09cv1735, Docs. 60, 63). Petitioner has not provided authorization from the Court of Appeals to file a second or successive petition, and this court therefore lacks jurisdiction to consider the pending petition.

Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed as a second or successive petition filed without authorization. Petitioner is warned that failure to respond to this order may result in dismissal of the petition for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's requests for leave to proceed in forma pauperis (Docs. 2, 5) are granted; and

2. Petitioner shall show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed as a second or successive petition filed without authorization.

DATED: July 5, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE