IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE RAY JONES, | No. 2:12-cv-1190-CMK-P |
|     Petitioner, | |
|   vs. | ORDER |
| GIPSON, | |
|     Respondent. | |
|                       / | |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court in this closed case is petitioner's motion to file untimely response (Doc. 17) and a motion for reconsideration (Doc. 18).

       Petitioner's petition was dismissed as a second or successive petition filed without proper authorization. The court issued an order to show cause on July 6, 2012, requiring petitioner to show cause why the court should not so dismiss the petition. Petitioner requested and received an extension of time in which to reply. Petitioner then filed three additional requests for more time, which were denied due to insufficient reasons for his request. The court

then summarily dismissed the petition.

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60.  Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later than twenty-eight (28) days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[2]  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes.  Relief under this rule can be granted on the court's own motion and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending.  See id.

Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect; (2)

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. A motion for reconsideration on any of these grounds must be brought within a reasonable time and no later than one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

In both motions, petitioner argues he did not fully raise the issue of being denied his right to testify based on the state appellate court's analyzation of his claim. He does not, however, dispute the fact that his prior federal habeas petition was denied on the merits. This is not a case where his petition was dismissed on procedural grounds. Rather, a decision was reached on the merits of the claims he set forth in his petition.

In earlier proceedings in this case, petitioner indicated he was seeking authorization from the Ninth Circuit Court of Appeals to file a second or successive petition. No where in his current motion does he indicate he has received such authorization.

There is no basis set forth in petitioner's motion on which the court could grant his motion for reconsideration. A review of the orders and petitioner's motions indicate that there was no error, mistake, new evidence, or change in the law. Petitioner filed a federal habeas petition with this court on June 23, 2009 (case no. 2:09-cv-1735-MCE-CHS). This original petition was adjudicated on the merits, and was denied on November 15, 2011. Petitioner then filed the instant petition in this case on May 3, 2012. Petitioner was provided an opportunity to show the court that he had obtained leave from the Ninth Circuit to file a second or successive petition. He failed to do so, indicating to the court that he was in the process of obtaining such permission. The court informed petitioner that if he is successful in obtaining leave from the Ninth Circuit, he would then be permitted by this court to file a new petition. It is clear to the undersigned that he had not obtained such permission prior to May 2, 2012, the date the petition in this case was filed. As such, it was correctly determined that this petition is a second or successive petition filed without of permission, and was properly dismissed.

1  Accordingly, IT IS HEREBY ORDERED that petitioner's motion to file an
2  untimely response (Doc. 17) is denied as unnecessary, and petitioner's motion for reconsideration
3  (Doc. 18) is denied.

 DATED: December 30, 2013

 _____
 **CRAIG M. KELLISON**
 UNITED STATES MAGISTRATE JUDGE